UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. R.,<br><br>      Plaintiff,<br><br>   v.<br><br>BLUE SHIELD OF CALIFORNIA,<br><br>      Defendant. | Case No.  25-cv-09226-AGT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**<br><br>Re: Dkt. No. 22 |

Plaintiff C.R.'s motion to proceed under a pseudonym, dkt. 22, is granted for the reasons identified below, subject to reconsideration as the case proceeds.[1]

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed pseudonymously only "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (alteration in original) (cleaned up). "Because there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and

---

[1] This motion was filed on February 27, 2026. *See* dkt. 22. Defendant Blue Shield of California had not responded or opposed as of the date of this filing, though the defendant did appear and answer C.R.'s complaint prior to the filing of this motion. *See* dkt. 9.

the public's interest in knowing the party's identity.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *Advanced Textile*, 214 F.3d at 1068).

One such special circumstance is where a plaintiff seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068 (cleaned up). For example, parent-plaintiffs in the Ninth Circuit have proceeded pseudonymously when they sought to recover from their insurer for costs associated with the treatment of their child's autism, *see Doe v. United Behav. Health*, 523 F. Supp. 3d 1119, 1122–23 (N.D. Cal. 2021), and when "su[ing] to recover health benefits for [their] child's residential treatment for mental illness." *Doe v. Accenture LLP Health Care Plan*, No. 25-CV-10876-AGT, 2025 WL 3712996, at *1 (N.D. Cal. Dec. 22, 2025).

Plaintiff C.R. is the parent of a minor child. Dkt. 22 at 1. C.R. seeks to proceed under a pseudonym as he seeks to recover benefits for mental health care rendered to his minor child. *Id.* These allegations render the matter sensitive and highly personal in nature. *See Advanced Textile*, 214 F.3d at 1068.

Additionally, Federal Rule of Civil Procedure 5.2(a)(3) requires the use of initials for minors referenced in court filings. C.R. represents that identification of the parent would result in identification of the minor child and so, in order to comply with Rule 5.2's mandates, he too needs a pseudonym. Dkt. 22 at 2. Anonymity is therefore appropriate.

"[P]rejudice against [the d]efendants is low given that the action is in the pre-discovery stage and the Court can manage the pretrial proceedings to mitigate problems that anonymity may raise." *Doe v. Steele*, No. 20-CV-1818, 2020 WL 6712214, at *4 (S.D. Cal. Nov. 16, 2020). Additionally, C.R. will disclose his identity to the defendant. *See* dkt. 22 at 2. As such, there is no indication that the defendant's ability to litigate will be impacted by

2

allowing C.R. to proceed anonymously.

The public interest does not weigh against C.R.'s motion and, in fact, weighs in favor. C.R. seeks to recover for mental health treatment rendered to his minor child after the defendant in this action allegedly denied his claims. Dkt. 22 at 1. The public has a strong interest in allowing such cases to be adjudicated on their merits. Further, "the public interest in knowing the parties' identities is not threatened where, as here, there is nothing about the Plaintiff's identity which makes it critical to the working of justice and the basic facts of the case will be on public record." *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020) (cleaned up).

Accordingly, C.R.'s motion to proceed by pseudonym is granted, subject to reconsideration as the case unfolds.[2]

This order dispenses with dkt. 22.

**IT IS SO ORDERED.**

Dated: March 5, 2026

Alex G. Tse
United States Magistrate Judge

---

[2] For good cause shown, C.R.'s request to seal the unredacted declaration attached to his motion, dkt. 22-2, is granted.

3